UNITED STATES of America, Plaintiff-Appellee,

v.

Anthony LaBARBERA et al., Defendants-Appellants.

Nos. 18775, 18795 and 18796.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 20, 1972.

Decided June 8, 1972.

Rehearing Denied July 17, 1972.

Sam Adam, Edward M. Genson, Chicago, Ill., Palmer K. Ward, Indianapolis, Ind., for defendants-appellants.

Stanley B. Miller, U. S. Atty., Indianapolis, Ind., William P. Cagney, Trial Atty., Organized Crime and Racketeering Section U. S. Dept. of Justice, Miami, Fla., for plaintiff-appellee.

Before KNOCH, Senior Circuit Judge, SPRECHER, Circuit Judge, and GRANT, District Judge.*

GRANT, District Judge.

In this consolidated appeal all three defendants were jointly charged and found guilty of conspiring to violate 18 U.S.C. § 659. Defendants Ziemba and Lucas were further indicted in a second count, and each found guilty of the substantive offense which was the object of the conspiracy count.

██ Ziemba and Lucas allege error in the trial court's denial of their joint motion to dismiss the indictment based upon the alternate grounds that the two counts were duplicitous and/or multiplicitous. The argument clearly is without merit as the crime of conspiracy is a distinct offense separate from the substantive offense which is the object of the conspiracy. The substantive offense may be the subject of a different count, Callanan v. United States, 364 U.S. 587,

* Chief District Judge Robert A. Grant of the Northern District of Indiana is sitting by designation.

81 S.Ct. 321, 5 L.Ed.2d 312 (1961); Pinkerton v. United States, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946); Baker v. United States, 393 F.2d 604 (9th Cir. 1968). We sustain the district court's finding that the two counts as drafted do not duplicate one another, nor is there more than one offense charged in either of the two counts of the indictment.

■ All three defendants assert error in the court's holding that the government's witness Barr did not need to disclose his address or place of employment, arguing that the limitation violated each defendant's Sixth Amendment right to confrontation. To be sure, such information is generally considered to be essential to safeguarding the accused's right to cross-examination protected by the Sixth Amendment. Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). The *Smith* court reaffirmed the earlier ruling in Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), which initially set the perimeters of cross-examination by imposing a duty on the court to prohibit questions threatening a witness's Fifth Amendment rights as well as questions which, " . . . go beyond the bounds of proper cross-examination merely to harass, annoy or humiliate [the witness]. . . . " Alford v. United States, at page 693, 51 S.Ct. at page 220. A further exception to unlimited cross-examination is represented by Justice White's concurring opinion in *Smith,* as to inquiries which, upon a proper showing, endanger the personal safety of a witness. This additional protection has come to be recognized in Seventh Circuit law as well as in other jurisdictions. United States v. Saletko, 452 F.2d 193 (7th Cir.1971); People v. Shaw, 117 Ill. App.2d 16, 254 N.E.2d 602 (1969).

Appellants challenge the sufficiency of a *voir dire* examination conducted pursuant to the trial court's order outside the presence of the jury, and following which the government's objections to the witness Barr's disclosure of his address and employment were sustained. During the hearing, government undercover agents revealed that Barr's life had been threatened by reason of his involvement with the investigation of the case, and specifically by reason of the apprehension of defendant Ziemba who had a record of prior convictions. In addition to the agents' live testimony, the U.S. attorney informed the court *in camera* of Barr's employment and his address, and further information directed to the credibility of certain unnamed informants was communicated to the court.

Defendants complain that much of the agents' *voir dire* evidence was the product of hearsay reports from certain named and confidential informants. In effect, they assert a "double denial" of the right to confrontation, i. e., that they were entitled to full disclosure of both the special agents' sources as well as the witness Barr's address. We believe otherwise; the record clearly reflects that an actual threat was established, and said finding was made in accordance with procedures approved by this Court. United States v. Varelli, 407 F.2d 735 (7th Cir. 1969); United States v. Caldarazzo, 444 F.2d 1046 (7th Cir. 1971); United States v. Palermo, 410 F.2d 468 (7th Cir. 1969). The record shows that Barr's testimony was the subject of extensive cross-examination by the defendants; although this is not dispositive of the issue raised on appeal, it does suggest that any prejudice to defendants was minimal. The disability inherent in the trial court's ruling was clearly outweighed by the necessity of protecting the witness Barr. United States v. Saletko, *supra.*

■ Appellants Ziemba and Lucas contend that the court erred in failing to grant their joint request for a physical and psychiatric examination of Barr for the purpose of establishing his competency to testify. The record is void of any evidence to support a suggestion that the district court abused its discretion in this regard. United States v. Russo, 442 F.2d 498 (2nd Cir.1971).

During the defendant LaBarbera's examination of the witness Barr, it was

learned that Barr had made statements to government agents prior to trial which the prosecution, through no fault of its own, failed to hand over pursuant to 18 U.S.C. § 3500. The material was not secured by LaBarbera's counsel until after the government had rested its case in chief and after the defendant had taken the stand in his own defense. Possible inconsistencies in Barr's testimony at trial were uncovered by the earlier statements he had given government investigators, and LaBarbera made a motion to recall Barr for further cross-examination. Barr, it was learned, had departed the State, and there then ensued a lengthy colloquy among the defense, prosecution, and court. During the discussion the government's counsel suggested that any recall of Barr would require recalling defendant LaBarbera for additional cross-examination by the government. A review of the record and an interrogation of defendant La-Barbera's counsel during oral argument (the same counsel representing La-Barbera at trial) failed to disclose that the district court judge acquiesced to the government's suggestion at any point in the trial proceedings. In point of fact, the court specifically declined to make any advance ruling on an anticipated government motion to recall the defendant, the court noting that the only pending motion before it was defendant's motion to recall Barr. Accordingly, defendant's assertion that its Sixth Amendment rights were abridged by conditioning Barr's further testimony upon defendant's agreement to additional cross-examination by the government is without foundation.

The substance of defendant La-Barbera's attack upon the sufficiency of the evidence supporting his conviction is directed towards a purported lack of credibility of the government's chief witnesses. We believe the evidence to have been sufficient and the matter of credibility properly left to the trier of fact.

The judgment of conviction as to all three defendants is accordingly affirmed.