**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**George Eugene ELLIS, Defendant-Appellant.**

**No. 72-2257.**

United States Court of Appeals,
Ninth Circuit.

Oct. 26, 1972.

Gregory S. Stout, San Francisco, Cal., for defendant-appellant.

James L. Browning, Jr., U. S. Atty., Janet Aitken, F. Steele Langford, Asst. U. S. Attys., San Francisco, Cal., for plaintiff-appellee.

Before CHOY and GOODWIN, Circuit Judges, and JAMESON, District Judge.*

PER CURIAM:

After denial of a motion to suppress marijuana which Ellis sold to an undercover agent in the presence of concealed police officers, Ellis waived trial by jury and was convicted under 21 U.S.C. § 841(a)(1). At the trial, Ellis attempted on cross-examination to elicit the correct name, residence, and occupation of the agent-purchaser. He appeals on the sole ground that the district court erred in restricting his effort to break the agent's "cover." The argument is without merit.

In Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), the defendant was denied the right to ask the principal prosecution witness, an informer who testified he had sold heroin to the defendant, his name and address. Holding that this limitation on cross-examination contravened the Confrontation Clause of the Sixth Amendment, the Supreme Court reversed the conviction. In *Smith*, however, the state gave no reasons which might have justified the refusal to disclose the agent's name and address. *See* 390 U.S. at 134, 88 S.Ct. 748 (concurring opinion).

Here, the prosecution represented to the court substantial reasons for withholding information to protect the agent from harm. While the procedures suggested in United States v. Palermo, 410 F.2d 468, 472 (7th Cir. 1969), should ordinarily be followed in such circumstances, we conclude, in view of the marginal significance of the witness's testimony in this case, that no prejudice to the defendant can be shown. The government was fully prepared to go forward with the proper detailed showing of the personal danger to the witness. The incriminating transaction was observed by police officers, and the relevance of the personal history of the undercover agent was questionable.

Affirmed.