Donald Robert CALDWELL, Appellant,

v.

STATE OF MINNESOTA, Appellee.

No. 76–1082.

United States Court of Appeals,
Eighth Circuit.

Submitted May 27, 1976.

Decided June 17, 1976.

David Essling, St. Paul, Minn., for appellant.

Warren Spannaus, Atty. Gen., William B. Randall, Ramsey County Atty. and Steven

---

C. DeCoster, Asst. Ramsey County Atty., St. Paul, Minn., for appellee.

Before LAY, STEPHENSON and WEBSTER, Circuit Judges.

PER CURIAM.

Donald Caldwell appeals from the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

In 1973, Caldwell was convicted in Minnesota state court of aggravated robbery. His conviction was affirmed on appeal. *State v. Caldwell,* 227 N.W.2d 382 (Minn. 1975). Thereafter, Caldwell filed a habeas petition claiming that the trial court's refusal to allow defense counsel to cross-examine the principal prosecution witness as to his current address and place of employment denied him his right to confrontation.[1]

The witness, James Klabunde, gave damaging testimony against Caldwell at trial. On cross-examination, defense counsel elicited various background information about Klabunde, including two prior addresses and that he was currently living in Minneapolis and working as a cook at a University of Minnesota fraternity house. The court, however, sustained prosecution objections to questions relating to Klabunde's current address and specific place of employment, indicating that it was doing so out of concern for the witness' safety. Klabunde had earlier testified to a confrontation with Caldwell which he viewed as threatening.[2]

The district court found that the refusal to allow cross-examination as to Klabunde's address and place of employment did not deny Caldwell his right to confrontation. We agree.

Where the credibility of a key prosecution witness is at issue, the right to confrontation ordinarily encompasses the right to cross-examine the witness as to his current address. *See Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968); *Alford v. United States,* 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931); *United States v. Dickens,* 417 F.2d 958, 961–62 (8th Cir. 1969). As the Supreme Court stated in *Alford,* such a question is "an essential step in identifying the witness with his environment, to which cross-examination may always be directed." 282 U.S. at 693, 51 S.Ct. at 220. These principles require that cross-examination similarly be allowed as to the witness' place of employment. *See, e. g., United States v. Le Barbera,* 463 F.2d 988, 990 (7th Cir. 1972); *United States v. Baker,* 419 F.2d 83, 87 (2nd Cir. 1969), *cert. denied,* 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970).

Despite the fundamental nature of these questions, however, the right to ask them is not absolute. Inquiry into the witness' address and place of employment may be circumscribed where disclosure might endanger the personal safety of the witness, and where the defendant makes no showing of materiality. *See, e. g,. Smith v. Illinois,* 390 U.S. 129, 133, 88 S.Ct. 748, 19 L.Ed.2d 956 (Concurring Opinion of Justice White); *United States v. Crockett,* 506 F.2d 759, 762–63 (5th Cir.), *cert denied,* 423 U.S. 824, 96 S.Ct. 37, 46 L.Ed.2d 40 (1975); *United States v. Penick,* 496 F.2d 1105, 1108–09 (7th Cir.), *cert. denied,* 419 U.S. 897, 95 S.Ct. 177, 42 L.Ed.2d 141 (1974); *United States v. Smaldone,* 484 F.2d 311, 318–19 (10th Cir. 1973), *cert. denied,* 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974); *United States v. Alston,* 460 F.2d 48, 51–52 (5th Cir.), *cert. denied,* 409 U.S. 871, 93 S.Ct. 200, 34

1. Since this contention was considered and rejected by the Minnesota Supreme Court on direct appeal, *State v. Caldwell,* 227 N.W.2d 382 (Minn.1975), petitioner has exhausted his state remedies.

2. Klabunde testified that in March, 1973, Caldwell, riding in a pick-up truck, had approached him while he was standing on a corner on the University of Minnesota campus. Caldwell allegedly stopped and stared at Klabunde. Klabunde stated that he felt scared. At a side bar conference, the state offered to prove that the confrontation occurred on the day after a pretrial hearing at which it appeared that Klabunde was the only witness to directly link Caldwell to the crime, and that Klabunde had endeavored to conceal his place of residence since that time.

274

L.Ed.2d 122 (1972);  *United States v. Baker,* 419 F.2d 83, 87 (2nd Cir. 1969), *cert. denied,* 397 U.S. 976, 90 S.Ct. 1096, 25 L.Ed.2d 271 (1970);  *United States v. Dickens,* 417 F.2d 958, 962 (8th Cir. 1969).

 The record in this case contains evidence that disclosure of Klabunde's address and place of employment might have posed a threat to his safety.  It also reveals that Caldwell had an ample opportunity to place Klabunde in his proper environment so that the jury might evaluate his testimony. Caldwell has asserted no particularized need for the disclosure of Klabunde's residence and workplace.  Under these circumstances, we hold that he was not denied this right to confrontation.

The judgment of the district court denying the petition for a writ of habeas corpus is affirmed.