948 F.2d 1292
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Miguel CANO, Defendant/Appellant.
 No. 91-1035.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 12, 1991.*
Decided Nov. 26, 1991.
 
 Before WOOD, JR., FLAUM, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 In September of 1982, Miguel Cano sold five kilograms of cocaine to Richard Wiesner. Unfortunately for Cano, Wiesner works for the Drug Enforcement Administration ("DEA") as an informant. Cano was indicted on one count of possession with intent to distribute cocaine, in violation of 18 U.S.C. § 841(a)(1). Cano filed a pre-trial motion requesting, among other things, that the government disclose Wiesner's home address and phone number. The district court denied Cano's request and granted the government's motion in limine to preclude Cano from questioning Wiesner at trial as to his present home address and telephone number.
 
 
 2
 At trial, the government presented its case largely through the testimony of Wiesner, who helped set up the drug transaction and was the only individual privy to the majority of conversations between himself and Cano. The jury found Cano guilty of possession with intent to distribute cocaine.
 
 
 3
 On appeal, Cano argues that the district court's refusal to order the government to disclose Wiesner's address and telephone number deprived him of a fair trial. Specifically, Cano claims that he was unable to conduct a thorough out-of-court investigation because he lacked Wiesner's home address and telephone number.
 
 
 4
 A defendant is presumptively entitled to obtain a witness' address. United States v. Navarro, 737 F.2d 625, 633 (7th Cir.1984). "The witness' name and address open countless avenues of in-court examination and out-of-court investigation," Smith v. Illinois, 390 U.S. 129, 131 (1968). However, disclosure of a witness' address is not required if it would imperil the witness or his family. United States v. Caldarazzo, 444 F.2d 1046, 1049-50 (7th Cir.1971); United States v. Battaglia, 432 F.2d 1115, 1118 (7th Cir.1970); United States v. LaBarbera, 463 F.2d 988, 990 (7th Cir.1972) (right to cross-examine a witness as to his home address yields when disclosure would endanger witness or his family); United States v. Saletko, 452 F.2d 193, 196 (7th Cir.1971) (same).[1] Here, the district court found that Wiesner's safety and that of his family would be threatened if his current address were disclosed. The record reveals that Wiesner moved his family to an undisclosed location because he feared for their safety. The government's response to Cano's motion to disclose alleges Wiesner's involvement in a number of "highly sensitive" drug cases and that an individual recently threatened to kill Wiesner. On the other hand, Cano does not even suggest how the failure to disclose Wiesner's address and phone number hindered his investigation.
 
 
 5
 Moreover, the record reveals Cano had ample information about Wiesner to permit him to prepare his case and challenge Wiesner's credibility. See Navarro, 737 F.2d at 634. Cano knew the identity of his informant and had once shared a jail cell with him. Cano knew that Wiesner had previously lived in Chicago and that he frequented a local tavern.[2] Additionally, prior to trial, the government produced Wiesner for a telephone interview and provided Cano with detailed information relating to Wiesner's criminal record, his involvement with the DEA, and the amount of compensation he received from the DEA for his participation in this case and other drug cases. See United States v. Large, 729 F.2d 636, 640 (8th Cir.1984) (defendant's knowledge of confidential informant's identity and involvement with the DEA permitted adequate cross-examination). Indeed, Cano's attorney vigorously cross-examined Wiesner as to these matters in putting Weisner's credibility before the jury.
 
 
 6
 The district court's refusal to order disclosure of Wiesner's home address did not deny Cano a fair trial. Accordingly, Miguel Cano's conviction is
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Both Cano and the government cite to Rovario v. United States, 353 U.S. 53 (1957), in which the Court held that under some circumstances the governmental privilege of keeping an informant's identity secret must yield to the defendant's right to prepare his defense. However, this is not a case involving the government's refusal to disclose the identity of its key informant. Here, the government disclosed both Wiesner's identity and his involvement with the DEA
 
 
 [2]
 Wiesner has known the owner of the tavern for 21 years. As part of his work for the DEA, he gave the tavern phone number to people who were interested in selling drugs to him. Approximately three weeks before he met with Cano, Cano had left a message at the tavern for Wiesner to call him