Jimmy Lynn GREEN, Petitioner-Appellant,

v.

W. J. ESTELLE, Director, Texas Department of Corrections, Respondent-Appellee.

No. 72–3721.

United States Court of Appeals, Fifth Circuit.

Dec. 17, 1973.

919

———◆———

James E. Maggard, Jr., Staff Counsel for Inmates, Texas Dept. of Corrections, Rosharon, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Guy Fisher, Thomas M. Pollan, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GODBOLD, DYER and GEE, Circuit Judges.

DYER, Circuit Judge:

In this appeal from the district court's denial of his habeas corpus petition, Green contends that his state conviction must fall due to the state's failure to produce a defense witness, subpoenaed on the day of trial, who was incarcerated at the time in the Dallas County jail. In addition, Green argues that alleged errors of his attorney in failing to preserve this point for appeal should not be binding on him. We affirm.

Green was convicted in a jury trial of murder with malice, stemming from the fatal shooting of Freddie Lee Turner in a Dallas County bar. After two continuances were granted at Green's request, the case was called for trial on November 18, 1969. On that date, Green's court-appointed attorney for the first time made application for the subpoena of Olin Ray Allen as a defense witness. However, Allen was not at the address listed on the subpoena since he was confined at the time in the county jail. Allen never appeared at trial, and defense counsel failed to call him as a witness or move for a continuance in view of the witness' absence. Moreover, counsel failed to request the court to issue a warrant of attachment for the witness when he failed to appear.[1]

During the trial, Green took the stand in his own defense, following the testimony of several eyewitnesses to the fatal shooting who were called as prosecution witnesses. Despite his protestations that the homicide was justified by self-defense, Green was convicted. By timely appeals, he exhausted available state remedies, and subsequently filed his habeas petition in the court below, which found against him on the merits.

We are unpersuaded by Green's contention that the state's failure to produce Allen at the trial was, under the circumstances, a denial of his constitutional right to have compulsory process for obtaining witnesses. See Washington v. Texas, 1967, 388 U.S. 14, 17–19, 87 S.Ct. 1920, 18 L.Ed.2d 1019. No charge is made of a deliberate obstruction by the state in this case which operated to deprive the petitioner of potentially useful testimony. On the contrary, the late subpoena sought by the defense, which indicated an incorrect address of the witness, was nonetheless

1. Applicable Texas law provides for attachment as a means for securing the attendance of any subpoenaed witness who fails to appear in a criminal trial. Art. 24.12, Vernon's Annot.Code of Crim.Pro. This statutory method is not limited to securing prospective witnesses incarcerated in a state institution, see Art. 24.13, hence counsel could have properly moved for an attachment in this case despite his ignorance of the fact that Allen was confined in the county jail.

served in accordance with the controlling Texas statute. Moreover, Green evidenced no desire to have Allen produced inasmuch as the prospective witness was never called at trial, nor did counsel move for a continuance or seek an attachment so that Allen could be produced. Hence, the state court was left totally unaware of the defendant's desire to call Allen on his behalf and remained unenlightened in this regard until Green filed an amended motion for a new trial. In light of these facts, the purposeful state activity operating to deny the right of compulsory process which the Supreme Court invalidated in Washington v. Texas, *supra*, is simply not here present.[2]

■ On the other hand, we cannot reasonably view counsel's failures in this regard as so egregious as to deny Green's right to the effective assistance of counsel. The issue of self-defense, to which the prospective witness purportedly would have addressed himself, was thoroughly explored by counsel, particularly since other eyewitnesses and Green himself testified concerning the relevant events at trial. Moreover, Green readily concedes that his attorney discharged his duties at trial in a manner within the constitutionally demanded standard. We cannot find on the record before us that the trial was a mockery of justice due to the omissions of counsel or that "the purported representation was only perfunctory, in bad faith, a sham, a pretense, or without adequate opportunity for conference and preparation." Williams v. Beto, 5 Cir. 1965, 354 F.2d 698, 704.

Since we find the district court's determination correct in all respects, the judgment is

Affirmed.

---

2. Washington v. Texas involved two Texas statutes which disqualified a participant accused of crime from testifying in a criminal trial on behalf of his co-participant, although the participant was permitted under the statutes to take the stand as a prosecution witness. The Supreme Court determined that a defendant's Sixth Amendment rights were violated by Texas' "arbitrary rules that prevent whole categories of defense witnesses from testifying on the basis of *a priori* categories that presume them unworthy of belief." 388 U.S. at 22, 87 S.Ct. at 1925. This type of arbitrary and deliberate exclusionary policy is far removed from the instant case where adequate procedures for securing the attendance of witnesses were provided under Texas law.