350 So.2d 1 (1977)
STATE of Florida, Petitioner,
v.
Toby Allen HASSBERGER, Respondent.
STATE of Florida, Petitioner,
v.
Donald Bruce GRIMES, Respondent.
Nos. 48444 and 48445.
Supreme Court of Florida.
May 26, 1977.
Rehearing Denied September 7, 1977.
Robert L. Shevin, Atty. Gen., and Paul H. Zacks, Asst. Atty. Gen., for petitioner.
Robert S. Sigman, Law Offices of Sigman & Speigel, Orlando, for Toby Allen Hassberger.
Charles R. Stepter, Jr., Fishback, Davis, Dominick & Simonet, Orlando, for Donald Bruce Grimes, respondent.
BOYD, Justice.
Toby Allen Hassberger and Donald Bruce Grimes were arrested by members of the Orlando Police Department after they were observed delivering cannabis to a confidential informant. After charges were entered against both Hassberger and Grimes defense counsel moved for disclosure of the informant's identity. The motion was granted. On the State's ex parte motion for a protective order, and without notice to the codefendants, the court held an in camera hearing at which the State presented evidence of danger to the safety of the informant should his real identity be disclosed. At the conclusion of the hearing the court entered a protective order which relieved the State from the requirement that it furnish the defense with the true name and address of the informant but which required the informant to be present at trial and available for depositions.
At trial, the State called the informant as a witness and the defense cross-examined him to the extent possible without knowing his real name or address which by reason of *2 the court order were protected from disclosure to the defense. Both defendants were found guilty and appealed separately to the District Court of Appeal, Fourth District. The court first reversed Hassberger's conviction because of denial of his sixth amendment right to cross-examination by failure of the lower court to require disclosure of the informant-witness' true name and address.[1] On the authority of Hassberger, Grimes' conviction was reversed[2] and on rehearing in Grimes the following question was certified to be one of great public interest:
CAN THE IDENTITY (ACTUAL NAME AND ADDRESS) OF A CONFIDENTIAL INFORMANT BE KEPT SECRET WHEN THE TRIAL COURT FINDS (BY MEANS OF AN IN CAMERA PROCEEDING ON THE SUBJECT), THAT THE INFORMANT'S PERSONAL SAFETY IS AT STAKE  WHEN THAT INFORMANT APPEARS AS A WITNESS IN THE CRIMINAL PROCEEDING?
The State requests this Court to accept jurisdiction of the Grimes decision through the certified question and of the Hassberger decision because of conflict with other decisions of Florida appellate courts. We accept jurisdiction of the certified question in Grimes.[3] There is no conflict between the Hassberger decision and other decisions of Florida appellate courts, and, therefore, the petition in Hassberger should be discharged.
The prosecution's limited privilege to withhold the identity of a confidential informer is well established under Florida law. Treverrow v. State, 194 So.2d 250 (Fla. 1967); Harrington v. State, 110 So.2d 495 (Fla. 1st DCA 1959); Spataro v. State, 179 So.2d 873 (Fla. 2d DCA 1965). Even where the informer never testifies at a trial or hearing, but simply provides the police with information which is helpful in their investigation of crime, there are due process limitations on the extent of the privilege. Where disclosure of an informer's identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of the cause, the privilege must give way. State v. Matney, 236 So.2d 166 (Fla. 1st DCA 1970); Rovario v. United States, 353 U.S. 53, 60-61, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The United States Supreme Court has adopted a rule of fairness as regards the necessity of disclosure, which is as follows:
We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

Rovario v. United States, 353 U.S. 53, 62, 77 S.Ct. 623, 629, 1 L.Ed.2d 639 (1957).
Where the state produces the informer at trial, and attempts to prevent the witness from giving certain testimony on cross-examination, the sixth amendment right of an accused to confront the witnesses against him, made obligatory on the states by the fourteenth amendment,[4] places severe restrictions on the privilege of nondisclosure. Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 156 (1968); Alford v. United States, 282 U.S. 687, 51 S.Ct. 77, 75 L.Ed. 736 (1931).
In the case under review, the trial court attempted to balance a concern for the safety of a State confidential informant turned witness against the right of a defendant to meaningfully confront witnesses against him. However earnest the effort, we believe that under the facts of this case, the defendant was denied his right to effectively *3 confront the witnesses against him, in violation of the principles of law announced in Smith and Alford, supra.
In Smith v. Illinois, supra, the principal witness against the accused identified himself on direct examination as "James Jordan." He testified that the accused purchased a bag of heroin from him in a certain restaurant, but was the only witness, aside from the accused, who could testify as to the crucial events inside the restaurant. On cross-examination, the witness admitted that James Jordan was not his real name, but the trial court sustained the State's objection when the witness was asked to give his correct name and address. The United States Supreme Court held that the accused had been denied a right guaranteed him under the sixth and fourteenth amendments, stating:
[W]hen the credibility of a witness is in issue, the very starting point in "exposing falsehood and bringing out the truth" through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.
390 U.S. at 131, 88 S.Ct. at 750.
Alford v. United States, supra, similarly reversed a federal conviction which abridged the same right. An important prosecution witness gave damaging testimony with respect to various transactions of the accused, including conversations with the witness when others were not present, and statements of the accused to salesmen under his direction, whom the witness did not identify. On cross-examination, questions seeking to elicit the residence address of the witness were excluded. In reversing, the Court stated:
It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test... .
The question, "Where do you live?" was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, was an essential step in identifying the witness with his environment... .
282 U.S. at 692-93, 51 S.Ct. at 220.
In a concurring opinion in Smith v. Illinois, supra, Justice White, with whom Justice Marshall joined, noted that in Alford, the Court recognized that questions which tend merely to harass, annoy, or humiliate a witness may go beyond the proper bounds of cross-examination. He opines:
I would place in the same category those inquiries which tend to endanger the personal safety of the witness. But in these situations, if the question asked is one that is normally permissible, the State or the witness should at the very least come forward with some showing of why the witness must be excused from answering the question... .
390 U.S. at 133-34, 88 S.Ct. at 751.
A significant number of federal[5] and state[6] courts, citing this language in Smith, *4 have concluded that the defendant's right to background information on the witness is not absolute. They hold that Smith and Alford notwithstanding, where there has been some real threat to the personal safety of the witness because of his willingness to testify in that proceeding, the present address of the witness may be withheld from the defendant, as long as the cross-examination is otherwise vigorous, full and effective. Almost never, however, is the State privileged to withhold the witness' real identity.[7] In United States v. Alston, 460 F.2d 48 (5th Cir.1972), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972), the court held that the trial court did not abuse its discretion in refusing to order a federal narcotics agent to divulge his current home address on the witness stand, because the accused had had sufficient opportunity on cross-examination to "place the witness in his proper setting," and there was a reasonable fear for the safety of the agent or his family, should the information be disclosed. In an analytical approach which is typical of those cases upholding this "personal safety of the witness" exception to the Smith-Alford rule, the Fifth Circuit reasoned that the substance of those United States Supreme Court decisions was that the defendant must be allowed sufficient latitude on cross-examination to fully "identify the witness with his environment," and where the cross-examination has otherwise been complete, no prejudice results to the defendant if only the current home address of the witness is withheld.
In United States v. Palermo, 410 F.2d 468 (7th Cir.1969), the court adopted a procedure which has been widely accepted in dealing with this problem. First, an actual, not implied, threat to the witness or to his family must be shown. Second, the government must disclose to the judge in camera the information sought to be withheld from the accused. The judge must then determine whether the facts must be disclosed, in order not to deny effective cross-examination to the defendant. His decision is reviewable on appeal. Finally, the accused must be allowed to show any special need for the information requested.[8]
*5 We approve of the "personal safety" exception to the otherwise ordinary duty of the State to allow the defendant full access to its witnesses on cross-examination, and of the procedure outlined in Palermo, supra. We stress, however, that this exception is an exceedingly narrow one, and that all doubts must be resolved in favor of the accused's sixth and fourteenth amendment right to confront the witnesses against him. The use of a "John Doe" witness is clearly prohibited, and the correct name of the witness must be supplied. Rovario v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 156 (1968).
The Florida criminal discovery rules are not at variance with our opinion today. Rule 3.220(c)(2) of the Florida Rules of Criminal Procedure states:
(2) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or trial, or a failure to disclose his identity will infringe the constitutional rights of the accused.
This rule appears to make the disclosure requirement absolute, where the informant is to testify at trial. This rule, however, cannot be presumed to lay down a principle of substantive law. Furthermore, the court has a legitimate interest in balancing the safety of a witness against the need for full and complete cross-examination. Beasley v. State, 271 Md. 521, 318 A.2d 501, 508 (1974). Fla.R.Crim.P. 3.220(h) qualifies the above-cited rule, stating:
(h) Protective Orders. Upon a showing of cause, the court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled must be disclosed in time to permit such party to make beneficial use thereof.
Under Fla.R.Crim.P. 3.220(h), the trial court may enter an order protecting the confidentiality of the current address of a witness, according to the procedure set forth above.
In the present case, the true name and address of the informant appearing at trial should not have been withheld. The informant, "Ed," was clearly an important government witness; the transcript of his testimony occupies approximately one-third of the entire record on appeal. His true name should have been disclosed to the accused. In addition, the trial judge did not require the confidential informant to appear before him and testify to specific threats which were made against his safety as a result of his testimony in this case. Nothing appears in the record by which a reviewing court can determine whether the threat to the witness' safety was sufficient to overcome the defendant's interest in the disclosure of the address of the witness.
The certified question is answered in the negative under the facts and for the reasons expressed in this opinion.
It is so ordered.
OVERTON, C.J., and ENGLAND and KARL, JJ., concur.
ADKINS, J., concurs in result only.
NOTES
[1] 321 So.2d 577 (Fla. 4th DCA 1975).
[2] 321 So.2d 584 (Fla. 4th DCA 1975).
[3] Art. V, § 3(b)(3), Fla. Const.
[4] Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965).
[5] E.g., McGrath v. Vinzant, 528 F.2d 681 (1st Cir.1976) (current home address); United States v. Persico, 425 F.2d 1375 (2d Cir.1970), cert. denied, 400 U.S. 869, 91 S.Ct. 102, 27 L.Ed.2d 108 (1970) (address and place of employment); United States v. Alston, 460 F.2d 48 (5th Cir.1972), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972) (home address); United States v. Palermo, 410 F.2d 468 (7th Cir.1969) (address and present employment); Kirschbaum v. United States, 407 F.2d 562 (8th Cir.1969) (present address); United States v. Ellis, 468 F.2d 638 (9th Cir.1972) (correct name, address, and occupation of undercover agent); United States v. Smaldone, 484 F.2d 311 (10th Cir.1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974) (address).
[6] E.g., People v. Benjamin, 52 Cal. App.3d 63, 124 Cal. Rptr. 799 (1975) (address); People ex rel. Dunbar v. District Court of the Seventh Judicial District, 177 Colo. 429, 494 P.2d 841 (1972) (residence address); People v. Shaw, 117 Ill. App.2d 16, 254 N.E.2d 602 (1969) (rule recognized); State v. Hill, 211 Kan. 287, 507 P.2d 342 (1973) (present address); State v. Thornton, 309 So.2d 266 (La. 1975), cert. denied, 423 U.S. 861, 71 S.Ct. 117, 46 L.Ed.2d 89 (1975) (address); Beasley v. State, 271 Md. 521, 318 A.2d 501 (1974) (address); Commonwealth v. McGrath, 364 Mass. 243, 303 N.E.2d 108 (1973) (home address of rape victim at time of trial); People v. Pleasant, 69 Mich. App. 322, 244 N.W.2d 464 (1976) (home address); State v. Caldwell, 303 Minn. 297, 227 N.W.2d 382 (1975) (residence and place of employment); Commonwealth v. Vorhauer, 232 Pa.Super. 84, 331 A.2d 815 (1974) (present place of employment); State v. Capone, 347 A.2d 615 (R.I. 1975) (current address and place of business); Richardson v. State, 508 S.W.2d 380 (Tex.Cr. App. 1974) (residence, wife's name, bank, and names and addresses of some of his associates); State v. Berard, 132 Vt. 138, 315 A.2d 501 (1974), cert. denied, 417 U.S. 950, 94 S.Ct. 3078, 41 L.Ed.2d 671 (1974) (residence).
[7] Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 156 (1968); United States v. Palermo, 410 F.2d 468 (7th Cir.1969); but see United States v. Crovedi, 467 F.2d 1032 (7th Cir.1972), cert. denied, 410 U.S. 990, 93 S.Ct. 1510, 36 L.Ed.2d 189 (1973) (assumed names of government witnesses withheld from defendant, where the FBI had arranged for the witnesses to take on totally new identities for their own protection).
[8] Accord, Smith v. Illinois, 390 U.S. 129, 134, 88 S.Ct. 748, 19 L.Ed.2d 156 (1968) (Justice White, concurring); Beasley v. State, 271 Md. 521, 318 A.2d 501 (1974) (trial judge abused his discretion in restricting cross-examination, where there was no hearing before the judge at which the witness related her fears for personal safety, but only counsel for witness furnished the information); see People ex rel. Dunbar v. District Court of the Seventh Judicial District, 177 Colo. 429, 494 P.2d 841, 843 (1972) (requiring that there be a nexus such that the witness legitimately fears reprisals from the defendant or his associates); People v. Shaw, 117 Ill. App.2d 16, 254 N.E.2d 602, 605 (1969) (requiring that an explicit threat against the witness be shown); Commonwealth v. Vorhauer, 232 Pa.Super. 84, 331 A.2d 815, 819 (1974) (hearing conducted in judge's chambers detailing threats against the life of the witness as a result of his testimony in the case); but see Commonwealth v. McGrath, 364 Mass. 243, 303 N.E.2d 108 (1973), and McGrath v. Vinzant, 528 F.2d 681 (1st Cir.1976) (rape victim need not disclose present address, and although no express claim of threat to the witness made, the courts found the threat "inherent in the situation;" defendant's counsel made no attempt to show special need of the information, or its special relevance).