McCORD, Chief Judge.
Appellant was convicted of two counts of an information charging possession of cocaine and two counts of delivery of cocaine. He appeals the judgments and sentences. The sole question raised is whether or not the trial court erred in denying appellant’s motion to compel discovery.
Responding to appellant’s demand for discovery, appellee submitted its answer in which it listed as a witness J. M. Hoover, a police officer, and gave his address as “Gainesville Police Department.” Appellant took the discovery deposition of Hoover, and at the deposition hearing, the following questions were asked by appellant’s attorney to which Officer Hoover gave the following answers:
“Q. State your name and address, please.
*781 A. My name is James Michael Hoover, I reside at Alachua County.
Q. What is your residence address?
A. I don’t feel that that is necessary. ******
Q. I want to look into his background, see his family, talk to his neighbors, find out what kind of a guy he is, so I am asking you again, what is your residence address?
A. I refuse to answer that question.
Q. Why?
A. For protection of myself and my family, I feel it is not pertinent to the trial or the hand at issue.
Q. Are you married?
A. I don’t feel that is anyone’s business but mine.
Q. Do you have children?
A. I don’t feel that has anything to do with anything.”
Appellant subsequently filed a motion to compel discovery requesting that the court order Hoover to answer the three questions —(1) What is your residence address? (2) Are you married? (3) Do you have any children? The court, after hearing argument of counsel for both parties, entered an order denying the motion. There is no indication that testimony was taken on the motion.
Appellant’s counsel validly contends that one of his responsibilities is to investigate not only the facts of the case but the reputation and background of the state’s witnesses so that upon cross-examination, or in the defendant’s case in chief, the credibility of such witnesses can be determined by the jury; that he needs to determine the reputation of the witness in the community, whether he is law abiding, and his day-today conduct with his family and neighbors; that in order to properly carry out this function, it is necessary to know the home address of a witness so his investigator can properly make such a background investigation.
Fla.R.Cr.P. 3.220(d) provides that at any time after the filing of the indictment or information the defendant may take the deposition upon oral examination of any person who may have information relevant to the offense charged. It further provides that except as otherwise provided therein, the procedure for taking such deposition, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure. Fla.R. Civ.P. 1.280(b) provides that unless otherwise limited by order of the court, the parties may obtain discovery regarding any matter, not privileged that is relevant to the subject matter of the pending action. It further states that,
“It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
The information sought by the above three questions which Officer Hoover refused to answer appear reasonably calculated to lead to the discovery of admissible evidence. The officer’s refusal to answer them hinders appellant in the investigation of the case and preparation of his defense. Answers to them should have been required unless privileged.
We have been cited no case on point on this question nor has our research uncovered such a case. We do consider, however, that the answer is provided by the somewhat analogous recent opinion of the Supreme Court in State v. Hassberger, and State v. Grimes, 350 So.2d 1, opinion filed May 26, 1977. That case involved a confidential informant rather than a police officer. There the respondents were observed delivering cannabis to the confidential informant. After charges were filed, defense counsel moved for disclosure of the informant’s identity, and the motion was granted. On the state’s ex parte motion for a protective order and without notice to the co-defendants, the court held an in-camera hearing at which the state presented evidence of danger to the safety of the informant should his real identity be disclosed. At the conclusion of the hearing, the court entered a protective order relieving the state from the requirement that it furnish *782 the defense with the true name and address of the informant but requiring that the informant be present at trial and available for depositions. The state called the witness at trial, and the defense cross-examined him to the extent possible without knowing his real name or address. Both were convicted and on their appeals, the District Court of Appeal, Fourth District, reversed the convictions because of denial of right to cross-examination by failure of the trial court to require disclosure of the informant-witness’ true name and address. The Supreme Court accepted jurisdiction of the Grimes decision through the following certified question:
“Can the identity (actual name and address) of a confidential informant be kept secret when the trial court finds (by means of an in-camera proceeding on the subject), that the informant’s personal safety is at stake — when that informant appears as a witness in the criminal proceeding?”
The state sought conflict certiorari as to the Hassberger decision, but the Supreme Court found no conflict between that decision and other decisions of Florida appellate courts and therefore discharged the petition in Hassberger.
While police officer Hoover was not a confidential informant, any claim he may have of privilege to not reveal his home address, his marital status, and the number of his children on deposition should rest upon the same rules the Supreme Court has established in Hassberger and Grimes for revealing vel non such information by confidential informers or other state witnesses on cross-examination. The Supreme Court said:
“Where the state produces the informer at trial, and attempts to prevent the witness from giving certain testimony on cross examination, the sixth amendment right of an accused to confront the witnesses against him, made obligatory on the states by the fourteenth amendment, places severe restrictions on the privilege of non-disclosure.”
Then quoting from Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), the Supreme Court said:
“[Wjhen the credibility of a witness is in issue, the very starting point in ‘exposing falsehood and bringing out the truth’ through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness’ name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross examination itself.”
The Supreme Court further quoted from Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), as follows:
“It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he is unable to state to the court what facts a reasonable cross-examination might develop. Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test. . The question, ‘Where do you live?’ was not only an appropriate preliminary to the cross-examination of the witness, but on its face, without any such declaration of purpose as was made by counsel here, was an essential step in identifying the witness with his environment. . .”
Then the Supreme Court stated:
“In a concurring opinion in Smith v. Illinois, supra, Justice White, with whom Justice Marshall joined, noted that in Alford, the Court recognized that questions which tend merely to harass, annoy, or humiliate a witness may go beyond the proper bounds of cross-examination. He opines:
T would place in the same category those inquiries which tend to endanger the personal safety of the witness. But in these situations, if the question asked is one that is normally permissible, the State or the witness should at the very least come forward with some showing of why the witness must be excused from answering the question. *783 . . 390 U.S. at 133-34, 88 S.Ct. at 751.
A significant number of federal and state courts, citing this language in Smith, have concluded that the defendant’s right to background information on the witness is not absolute. They hold that Smith and Alford notwithstanding, where there has been some real threat to the personal safety of the witness because of his willingness to testify in that proceeding, the present address of the witness may be withheld from the defendant, as long as the cross-examination is otherwise vigorous, full and effective.”
The Supreme Court further said:
“In United States v. Palermo, 410 F.2d 468 (7th Cir. 1969), the court adopted a procedure which has been widely accepted in dealing with this problem. First, an actual, not implied, threat to the witness or to his family must be shown. Second, the government must disclose to the judge in camera the information sought to be withheld from the accused. The judge must then determine whether the facts must be disclosed, in order not to deny effective cross-examination to the defendant. His decision is reviewable on appeal. Finally, the accused must be allowed to show any special need for the information requested.
We approve of the ‘personal safety’ exception to the otherwise ordinary duty of the State to allow the defendant full access to its witnesses on cross-examination, and of the procedure outlined in Palermo, supra. We stress, however, that this exception is an exceedingly narrow one, and that all doubts must be resolved in favor of the accused’s sixth and fourteenth amendment right to confront the witnesses against him.” (Emphasis supplied)
The “personal safety” exception and the limitations thereon as approved by the Supreme Court in Hassberger and Grimes for cross-examination of state witnesses should apply as well to examination of state witnesses by the defendant on deposition. We hold that it does.
It appears from the record in the case sub judice that no evidence was received at the hearing before the trial court on the defendant’s motion to compel discovery and there is nothing in the record to show whether or not there has been an actual threat to Officer Hoover or his family. In view of this circumstance, we relinquish jurisdiction to the trial court for a period of 30 days from the date hereof with directions that a hearing be held to determine whether or not such a threat or threats have been made and also whether or not appellant was prejudiced by the officer’s failure to answer the questions. The trial judge shall enter an order stating his findings of fact thereon. The reporting and transcribing of such hearing shall be at the expense of the state (Alachua County) and upon completion thereof, within such 30-day period, the state shall file the transcript with the Clerk of this Court together with a certified copy of the order of the trial judge. We will thereafter give further consideration to the question raised by this appeal.
SMITH, J., concurs.