353 So.2d 602 (1977)
Daniel E. BLANCO, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1550.
District Court of Appeal of Florida, Third District.
December 13, 1977.
Rehearing Denied January 16, 1978.
*603 Alvin E. Entin, North Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen. and Joel D. Rosenblatt and Jose R. Rodriguez, Asst. Attys. Gen., for appellee.
Before HENDRY, C.J., and HAVERFIELD and NATHAN, JJ.
HAVERFIELD, Judge.
Daniel E. Blanco, defendant-appellant, seeks a new trial and reversal of his conviction for sale or delivery of a controlled substance.
Defendant for his first point on appeal contends the trial court erred in limiting his right to cross-examination by (1) not allowing defense counsel to make inquiry with regard to pending criminal charges against the prosecution's principal witness (a paid informant), and (2) failing to allow inquiry into the present address of this same witness for impeachment purposes.
With respect to the second issue raised under the above contention, the controlling principle of law as set out in Smith v. Illinois, 390 U.S. 129, 131, 88 S.Ct. 748, 750, 19 L.Ed.2d 966 (1968) is:

*604 "When the credibility of a witness is in issue, the very starting point in `exposing falsehood and bringing out the truth' through cross-examination must necessarily be to ask the witness who he is and where he lives. The witness' name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself."
Nevertheless, defendant's right to a witness' background information[1] is not absolute. Where there has been some real threat to the personal safety of the witness because of his willingness to testify in that proceeding, the present address of the witness may be withheld from the defendant as long as the cross-examination is otherwise vigorous, full and effective. See U.S. v. Alston, 460 F.2d 48 (5th Cir.1972), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972). However, prior to effectively invoking this "personal safety" exception, the prosecution must demonstrate an actual, not implied, threat to the witness or his family and must disclose to the trial judge in camera the information sought to be withheld from the defendant who must be allowed to show any special need for the information requested. Then the trial judge must determine whether the facts must be disclosed in order not to deny effective cross-examination to the defendant and this determination is reviewable on appeal. State v. Hassberger, 350 So.2d 1, 4 (1977). In addition, our Supreme Court in Hassberger, supra, hastened to point out that this exception is exceedingly narrow and all doubts must be resolved in favor of the accused's 6th and 14th amendment right to confront the witnesses against him.
In the case at bar the paid informant, whose address defense counsel desired to elicit on cross-examination, was the prosecution's chief witness upon whose testimony practically the entire case against the defendant depended. Nevertheless, the record reflects that the prosecution failed to demonstrate the existence of an actual threat to the personal safety of this witness. We, therefore, find that the trial judge erred in refusing to permit defense counsel to elicit from this chief prosecution witness his address on cross-examination.
Turning now to the first issue raised above, we also conclude the trial judge committed reversible error in not permitting defense counsel to make inquiry with regard to pending charges against this same witness. The law is clear that if a prosecution witness is presently or recently under actual or threatened criminal charges or investigation leading to such charges, the person against whom the witness testifies in a criminal case has an absolute right to bring those circumstances out on cross-examination or otherwise so that the jury will be fully apprised as to the witness' possible motive or self-interest with respect to the testimony he (or she) gives. Morrell v. State, 297 So.2d 579 (Fla. 1st DCA 1974); Stripling v. State, 349 So.2d 187, 191 (Fla. 3d DCA 1977) and cases cited therein.
The defendant's final point concerning prejudicial remarks of the prosecutor during closing argument is without merit and no reversible error has been made to appear. See Oliva v. State, 346 So.2d 1066, 1068-69 (Fla. 3d DCA 1977).
The conviction of defendant is reversed and the cause remanded for a new trial.
Reversed and remanded.
NOTES
[1] So that the defendant may have the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to the test.