379 So.2d 441 (1980)
Alberto GARCIA, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-1838.
District Court of Appeal of Florida, Third District.
February 5, 1980.
*442 Bennett H. Brummer, Public Defender, Elliot H. Scherker, Asst. Public Defender and William A. Clay, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Steven R. Jacob, Asst. Atty. Gen., for appellee.
Before PEARSON and HUBBART, JJ., and CHAPPELL, BILL G., Associate Judge.
PEARSON, Judge.
Appellant Alberto Garcia was found guilty of possession of cocaine and the sale of cocaine. After adjudication and sentence, he appealed the judgment arguing the point that, because of State action, he was deprived of his right to present a witness and to have process for the compulsory attendance of the witness.
The following statement of the facts, advanced by the appellant, has been accepted by the State. The charges arose from the sale by Garcia of approximately one pound of cocaine to two undercover police officers, who had been introduced to him by Hilarion Monteagudo, an informant who solicited the sale. The defense was entrapment, and Garcia's testimony at trial made a prima facie case for entrapment.
Prior to trial, Garcia took the depositions of the two police officers. The officers refused to give any information about the informant, on the ground of "informant privilege." This position was consistently maintained by the State throughout all subsequent proceedings even though the name and address of the informant had appeared on a witness subpoena when the State secured the arrest of the appellant for the misdemeanor of exhibiting a weapon in an assault on the informant.
The State filed a motion for a protective order in which it alleged that defense counsel "... is now in possession of the name of the confidential informant" and stated that "... the confidential informant will be testifying in this case himself."
Counsel for Garcia then issued a deposition subpoena on Monteagudo. It was served at the address given by the police in the misdemeanor proceedings by leaving a copy with his parents at that address. When Monteagudo failed to appear for deposition, the defense moved for the disclosure of the location of the informant, alleging (1) that the defense at trial would be entrapment, based upon the actions of the informant, (2) that the informant had been physically present during the majority of the transactions which led to the arrest of defendant, (3) that the name of the informant had been divulged by the police officers in the police report, (4) that the officers refused to disclose the identity of the informant on deposition or to confirm that Monteagudo was the informant, (5) that Monteagudo had failed to appear for deposition and (6) that disclosure of the informant was essential to the preparation of the defense at trial.
At the hearing on the motion, the State retracted the statement in its motion for a protective order and stated that it was no longer willing to produce the informant. At a subsequent hearing, the prosecutor admitted that Monteagudo was, in fact, the informant. The court ruled that it would require the State to produce Monteagudo for deposition only if the defense invoked *443 the reciprocal provision of Florida Rule of Criminal Procedure 3.220.
Defense counsel then represented to the court that, regardless of his right to depose Monteagudo, he intended to call him as a witness at trial. He informed the court that he had attempted to serve Monteagudo with a trial subpoena both at his home address and through the police department but had been unable to obtain personal service. Counsel requested the court to issue either a writ of attachment or a writ of habeas corpus ad testificandum to obtain the presence of Monteagudo at trial. The court deferred ruling on the motion. The trial began the next day, and the defense renewed its request at the conclusion of jury selection. The court denied the motion.
The appellant filed a written motion the following day, alleging that Monteagudo was an essential witness who could not be located and that the police had information of the witness's whereabouts. He requested the court either to compel the police officers to disclose any information that they might have or to issue process to compel Monteagudo's attendance at the trial. The motion was again denied.
We hold that reversible error occurred when the trial court refused to issue process for the witness's attendance at trial and, as an incident of that process, to require the State to reveal any knowledge it might have that would aid in the service of the process. See Trafficante v. State, 92 So.2d 811 (Fla. 1957); and cf. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Green v. Estelle, 488 F.2d 918 (5th Cir.1973).
We also hold that it was error for the court to deny the appellant's motion to require the police officers to reveal any information that they had concerning the informant's whereabouts during the deposition proceedings. The right to take the deposition of a known witness is not, as the trial judge apparently thought, contingent upon a demand for reciprocal discovery under Florida Rule of Criminal Procedure 3.220. Also, the burden of disclosure upon the State is often greater than that placed upon the defendant. See U.S. v. Wright, 160 U.S.App.D.C. 57, 68, 489 F.2d 1181, 1192 (D.C. Cir.1973). In the present case, this principle is reinforced by the fact that the informant's identity was already known to the defense. See Roviaro v. U.S., 353 U.S. 53, 60, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644-645 (1957).
The State's position that the privilege not to reveal the identity of a confidential informant operated to justify its refusal to allow the police officers to testify concerning their knowledge of Monteagudo's whereabouts and the court's failure to issue process for Monteagudo's testimony at trial, is entirely unfounded. Once the identity of the informant is revealed, the privilege disappears. See Roviaro v. U.S., 353 U.S. 53, 60, 77 S.Ct. 623, 627, 1 L.Ed.2d 639, 644-645 (1957); and 76 A.L.R.2d 262, 291-292 (1961). If after the identity of an informant is revealed, it is necessary to protect him further, this may be done by appropriate court order. See Fla.R.Crim.P. 3.220(h); and State v. Hassberger, 350 So.2d 1 (Fla. 1977); and cf. U.S. v. Gomez-Rojas, 507 F.2d 1213, 1219-1220 (5th Cir.1975).
In any event, this record does not contain any offer of proof by the State that the informant was in danger, and the court did not act upon that basis. If the safety of the informant is placed in question, then the court must weigh the interests of the State and the safety of the individual against the defendant's right to develop his defense. See State v. Hassberger, supra; and see generally Roviaro v. U.S., 353 U.S. 53, 62, 77 S.Ct. 623, 628, 1 L.Ed.2d 639, 646 (1957); and Spataro v. State, 179 So.2d 876, 878-879 (Fla. 2d DCA 1965); also cf. Evanco v. State, 350 So.2d 780 (Fla. 1st DCA 1977). That was not done in this case.
We reverse the judgment and the sentence and remand the cause with directions to grant the defendant a new trial.
Reversed and remanded.