PER CURIAM.
We reverse appellant’s conviction and sentence and remand for a new trial because we believe the trial court erred in failing to require the presence of a witness during an in camera hearing in which the state sought and obtained a protective order barring the defense from access to the witness. In addition, upon review of the evidence submitted by the state to justify the protective order, we conclude that the state did not establish a proper predicate for the trial court's action. Cf. State v. Hassberger, 350 So.2d 1 (Fla.1977).
The record reflects that the existence and identity of the witness originated with the state’s disclosure of her name to the defendant-appellant as a witness who was present at the scene of the crime. The evidence was unclear and conflicting as to what information the witness may have had about the crime or defendant’s presence and participation. The record also reflects that an alleged claim of danger to the witness was totally unconnected to the case against the defendant and insufficient to excuse the presence of the witness at the in camera hearing.
The other issues raised on appeal are mooted by our decision. However, on remand, and in order to avoid future problems, the defendant’s entitlement to appointed counsel should be fully explored, and no waiver accepted except in accord with prevailing standards.
ANSTEAD and GLICKSTEIN, JJ., and GODERICH, MARIO P., Associate Judge, concur.