GRIFFIN, Judge.
This is the appeal of a conviction of sexual battery using physical force and violence not likely to cause serious personal injury.
The victim and principal witness was a 25 year old female who testified that she was a lifelong Orlando resident and that she worked as a receptionist. She also testified she was a student at Seminole Community College working on her Associate of Arts degree.[1] On May 28, 1988, the victim attended a party at an apartment complex managed by her brother’s girlfriend. There she met Steven Wallace, a construction worker, to whom she was attracted. They went to his apartment to talk and smoke marijuana. An acquaintance of the construction worker, appellant Holmes, came to the apartment and brought crack cocaine, which they also smoked. Later, all three traveled to an apartment owned by Wallace’s parents where they stayed for the remainder of the evening. At one point in the evening, Wallace left to get more cocaine. The victim alleged that while Wallace was away the appellant forced her to have sex with him.
Appellant has raised three issues on appeal, only one of which warrants discussion. Appellant contends that the trial court erred in withholding the current address and place of employment of the victim in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution. For the reasons set forth below, we affirm.
Appellant was arrested shortly after the crime and bond was set by the court on June 10, 1988. Filed with the court on the same day as the bond hearing was an affidavit of the victim which stated in pertinent part:
Wink [Ernesto Holmes], the man who raped me, threatened my life before he raped me. He said he wasn’t afraid of the police and he had people who would come after me. I am afraid of him, and I do believe he’ll seek revenge on me for reporting what he did to me to the police (emphasis added).
Appellant posted bond, which was subsequently increased on motion of the state because appellant violated the original bail order. Appellant failed to appear for the trial as scheduled on October 17, 1988, was subsequently rearrested and trial was rescheduled for February 20, 1989.
On February 10, 1988, appellant’s counsel took the victim’s deposition, during which she refused to disclose her current residence address and the address and name of her current employer.[2] On Febru *935 ary 16, appellant’s counsel filed a Motion to Compel Disclosure. The state filed a written response objecting to disclosure on the ground that appellant “has committed a violent and sadistic sexual attack on the victim, and the victim (as well as the State) fears that disclosure of her address would place her safety in jeopardy should the Defendant be released or escape from confinement”. The state further alleged that the appellant’s rights to discovery had not been hampered in any way by not knowing the victim’s present home or work address.
The motion to compel was not heard until the matter was called for trial on February 20, 1989. During the course of argument, the assistant state attorney mentioned that he had just observed that there were four pieces of paper in the court file that contained the victim’s address and which had evaded his notice. The court ordered these address references “stricken” and instructed counsel for appellant, as an officer of the court, not to use any of the address information. During the course of cross-examination of the victim, counsel for appellant asked no questions of the victim designed to elicit testimony concerning her present or past places of residence.
Appellant contends that the lower court’s refusal to require disclosure of the current residence address and place of employment of the victim constituted an improper deprivation of his constitutional rights under the Sixth and Fourteenth Amendments to confront and cross-examine his accuser. Especially where, as in the present case, there was no independent physical evidence of the alleged sexual contact, the credibility of the victim was crucial and the court could not abridge the appellant’s right to know her current address and place of employment. Appellant argues that it is a fundamental right of an accused to be able to “put the witness in his place.”
There is no question that the appellant usually is entitled to address and employment information. In Smith v. Illinois, 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), the United States Supreme Court applied a Sixth and Fourteenth Amendment analysis to a situation where a prosecution witness was allowed by the trial court to use a false name and to withhold his residence address. The Court, relying on its earlier decision in Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), reversed the conviction, stating:
[W]hen the credibility of a witness is in issue, the very starting point in “exposing falsehood and bringing out the truth” through cross-examinatibn must necessarily be to ask the witness who he is and where he lives. The witness’ name and address open countless avenues of in-court examination and out-of-court investigation. To forbid this most rudimentary inquiry at the threshold is effectively to emasculate the right of cross-examination itself.
Smith, 390 U.S. at 131, 88 S.Ct. at 750.
In 1977, the Supreme Court of Florida considered a related question in State v. Hassberger, 350 So.2d 1 (Fla.1977).[3] The court noted that a “significant number” of federal and state courts have held that, “Smith and Alford notwithstanding, where there has been some real threat to the personal safety of the witness because of his willingness to testify in that proceeding, the present address of the witness may be withheld from the defendant as long as the cross-examination is otherwise vigorous, full and effective”. Id. at 4. In Hass-berger, the Florida Supreme Court accepted the “personal safety” exception to the general requirement of disclosure of true identity and address of a witness; however, the court cautioned that the “personal safety” exception is an “exceedingly narrow one” and that all doubts must be re-' solved in favor of the accused’s Sixth and Fourteenth Amendment right to confront the witnesses against him. Id. at 5. Un *936 der the facts in Hassberger, the court found that it was error to withhold the true name of the witness. As to the address, the court stated:
Nothing appears in the record by which a reviewing court can determine whether the threat of the witness’ safety was sufficient to overcome the defendant’s interest in the disclosure of the address of the witness.
Id. at 5.
In Hassberger, the supreme court approved the procedure adopted in the case of United States v. Palermo, 410 F.2d 468 (7th Cir.1969), which it observed had been “widely accepted in dealing with this problem”. 350 So.2d at 4. First, an actual, not implied, threat to the witness or his family must be shown. Second, the government must disclose to the judge in camera the information sought to be withheld from the accused. The judge must determine whether the facts must be disclosed in order not to deny effective cross-examination to the defendant. Finally, the accused must be given an opportunity to show any special need for the requested information. The court also noted that Florida Rule of Criminal Procedure 3.220(h) provides:
Upon a showing of cause, the court may at any time order that specified disclosures be restricted or deferred, or make such other order as is appropriate, provided that all material and information to which a party is entitled must be disclosed in time to permit such party to make beneficial use thereof.
The court specifically held that this rule authorizes entry of an order protecting the confidentiality of the current address of a witness following the Palermo procedure.
In Blanco v. State, 353 So.2d 602 (Fla. 3d DCA 1977), cited by the defendant, a paid informant who was the prosecution’s chief witness, and upon whose testimony practically the entire case against the defendant depended, objected to disclosing his address. The trial court refused to require disclosure. The Third District Court of Appeal stated that the record reflected that the prosecution had failed to demonstrate the existence of an actual threat to the personal safety of the witness and reversed the conviction.
In Loren v. State, 518 So.2d 342 (Fla. 1st DCA 1987), the court agreed without discussion that an “adequate factual basis” was not presented as justification for an order of non-disclosure because there was “no proof" of actual threats to safety. Nevertheless, the appellate court found that the trial court’s error in refusing to require disclosure of the address was harmless because: (1) the witnesses were available to the defendant for discovery and were deposed; (2) the defendant failed to demonstrate “in what manner [the] present place of residence would have been used to attack [the witness’] ‘credibility’ and (3) in that case, the defendants were already thoroughly familiar with the witnesses and their prior residences. Id. at 353.
Whether the requirements of the Palermo test as set out in Hassberger have been met in the present case principally turns on the showing required under the first prong of the Palermo test, i.e., whether “an actual, not implied, threat to the witness or to his family” has been shown. In Hassber-ger, the court noted that the trial judge had not required the informant to appear before him and testify as to specific threats made against his safety, but neither does the court state that this must be done. In the present case, the affidavit of the victim quoted above was part of the record. Additionally, the assistant state attorney made specific representations to the court concerning threats that had been made by the defendant against the victim.
Cases from other jurisdictions provide some insight into what is constitutionally permissible. In the case of United States v. Cavallaro, 553 F.2d 300 (2d Cir.1977), the appellate court approved a trial court’s refusal to require disclosure of a residence address where the prosecutor represented to the court that there had been “difficulties” following the crime [kidnapping] and that the witness was in great fear. The court observed that the witness in question was the victim, and the defendants were out on bail, enhancing the possibility of *937 foul play. Because no “particularized need” to have the current address was shown by the defendant and the cross-examination of the witness at trial demonstrated considerable familiarity with her background and acquaintances, disclosure was not required.
In United States v. Navarro, 737 F.2d 625 (7th Cir.1984), the court rejected the defense claim that failure to disclose the address of a witness was reversible error. The court pointed out that Alford and Smith did not require a new trial whenever cross-examination concerning address and place of employment were restricted. Citing its decision in United States v. Teller, 412 F.2d 374 (7th Cir.1969) the court identified the threshold question as whether the defendant was denied effective cross-examination.[4] The Navarro court quoted with approval language from the Fifth Circuit’s decision in United States v. Alston, 460 F.2d 48, 51-52 (5th Cir.), cert. denied, 409 U.S. 871, 93 S.Ct. 200, 34 L.Ed.2d 122 (1972):
The critical question is not simply whether or not the witness has divulged his home address, information that admittedly could sometimes lead to facts relevant to contradiction or impeachment, but whether or not the defendant has been given sufficient “opportunity to place the witness in his proper setting.” United States v. Navarro, 737 F.2d at 633.
In Navarro, the trial court had reviewed the matter in camera and concluded that the address was not material. The court did permit questions at trial concerning city of residence, type of employment and general location of employer within the city. The court noted that defendants’ counsel had not taken full advantage of the opportunity to place the witness “in his setting” even within the bounds of what the court would allow. Similarly, in the present case, there was virtually no inquiry on cross-examination concerning the victim’s current setting.
Some courts have taken a very specific approach where the witness involved is the victim and key witness to a rape. In McGrath v. Vinzant, 528 F.2d 681 (1st Cir.1976), cert. dismissed, 426 U.S. 902, 96 S.Ct. 2221, 48 L.Ed.2d 827 (1976), the court was faced with a situation where the key witness was the victim of a kidnapping, rape and assault with a dangerous weapon. When counsel for the defense sought to elicit the address of the witness, the court, on motion of the state, ordered it excluded. The Massachusetts Supreme Court approved withholding the address and upheld the conviction. The defendant then brought a petition for writ of habeas corpus to the federal court, claiming that the refusal to require disclosure of the address denied him his constitutional rights under the Sixth and Fourteenth Amendments.
The First Circuit Court of Appeal in McGrath noted initially that it was troubled by the failure of the prosecutor to make any explicit claim of danger and by the trial court’s failure to expressly find that disclosure of the address would create an unwarranted threat to the safety of the witness. Nevertheless, the court found that the “circumstances” of the crime itself both imply a claim of danger and supply a factual basis for the claim. The victim was a single woman living alone who had been the victim of a sexual assault and who was confronting the alleged attacker with testimony that could result in extended imprisonment. The court found that, given those circumstances, the “actual threat” to the witness was adequately demonstrated. Additionally, the McGrath court noted that the defendant had an otherwise adequate opportunity to place the witness in her proper setting because enough other information was available.
In the present case the court had the following to consider:
1. The circumstances accepted by McGrath, Cavallaro and Navarro (violent crime, sex crime, bail available to the accused, single female, other infor *938 mation about the victim available, deposition of the victim taken.)
2. Record evidence of “an actual threat” to the victim's personal safety in the form of the victim’s filed affidavit and both verbal and written representations of the prosecutor.
3. No showing of particularized need by appellant.[5]
We believe the foregoing justifies the trial court’s decision to withhold the victim’s address under the circumstances of this case. We are disturbed, however, by the state’s apparent attitude on appeal that appellant’s complaint about the withholding of this information is a mere “technicality”. It is not a technicality. The decision to withhold from an accused the current address and place of employment of a witness intrudes on the constitutional rights of the accused. The trial court should assure the record reflects a proper basis for making such a decision based upon founded concerns for the safety of the witness.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. On cross-examination at trial, the only question the victim was asked about her background was whether she was presently studying or had previously studied theater, to which she answered yes.

. The deposition of the victim is not part of the record on appeal; however appellant does not contend that she failed to disclose any other information requested by appellant’s counsel during deposition. Appellant also does not dispute that the state had put the defense on notice several months before trial of its intention to withhold the victim’s address. The defense claims the failure to seek an earlier order compelling disclosure was a "strategic” decision.

. There the precise question was:
CAN THE IDENTITY (ACTUAL NAME AND ADDRESS) OF A CONFIDENTIAL INFORMANT BE KEPT SECRET WHEN THE TRIAL COURT FINDS (BY MEANS OF AN IN CAMERA PROCEEDING ON THE SUBJECT), THAT THE INFORMANT’S PERSONAL SAFETY IS AT STAKE — WHEN THE INFORMANT APPEARS AS A WITNESS IN THE CRIMINAL PROCEEDING?
350 So.2d at 2.

. The Teller case was decided later the same year that the Seventh Circuit decided the Palermo case.

. The only claim by the defense was that they stood ready to "investigate” the victim upon disclosure of the current employment and address information; however, the record demonstrates the defense already had substantial information at hand concerning the victim, including her deposition and the current addresses of most of her family members. There is no showing of any particularized need to have the current address and current place of employment in order to "investigate” the victim.