SCHWARTZ, Chief Judge.
B.E., who was fourteen years old at the time of the alleged offense, appeals from an adjudication of delinquency based upon a finding that he committed a lewd *567 and lascivious act upon a three-year-old girl. See § 800.04, Fla.Stat. (1989). We reverse because the trial court’s refusal, made without an appropriate prior hearing, to permit the defense any pretrial access to the victim violated B.E.’s rights to the compulsory attendance of witnesses under the United States and Florida Constitutions.
B.E. was accused of improperly fondling the victim, a little girl named R., on the porch outside his apartment in Miami. Pri- or to the scheduled hearing, respondent’s counsel sought to take R.’s deposition. The trial judge, however, granted a protective order which forbade not only the proposed deposition but completely precluded counsel from any ability to communicate with the child, even by way of an interview process in which her sensibilities would be protected to the extent possible. This ruling was based in part upon unsworn representations of the prosecution — which B.E.’s lawyer was in no position to refute — that R. could not recount the events in question and would therefore not be called as a witness for the state. Primarily, however, it was founded upon the trial judge’s personal feeling that no three-year-old should be subjected to the legal process under any circumstances. She stated:
[t]his child is not going to be used as a witness ... I can’t imagine, it’s beyond my imagination, anybody who wants to bring in a little 3-year-old for a deposition ... I don’t care how much law you present to me, a three-year-old is more important than all the law books in the State of Florida. I mean that’s the way I think about a three-year-old, and anybody wanting to take advantage of her.
In accordance with this determination, the cause proceeded without the defense’s ability to contact R. and she, of course, did not testify at the trial The only ones who did testify to the facts of the case were an eleven-year-old girl who apparently had a grudge against the defendant and who stated as a prosecution witness that she saw B.E. commit the offenses from a vantage point inside her apartment across a courtyard from the scene; and B.E. himself, who testified that he had not done anything wrong. The trial judge, who was not the individual who had issued the protective order, found the juvenile guilty and he appeals.
There is no doubt that the blanket preclusion of the respondent’s ability even to speak with the alleged victim of the crime of which he has been found guilty requires reversal. It is a fundamental tenet of our system of criminal justice, embodied in the sixth amendment of the Bill of Rights and article I, section 16 of the Declaration of Rights of the Florida Constitution, that
the accused shall enjoy the right ... to have compulsory process for obtaining witnesses in his favor.
U.S. Const, amend. VI; see Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Cacciatore v. State, 226 So.2d 137 (Fla. 3d DCA 1969). This right, in turn, clearly encompasses one to permit “the defendant the opportunity to interview eyewitnesses to the alleged crime.” United States v. Valenzuela-Bernal, 458 U.S. 858, 876, 102 S.Ct. 3440, 3451, 73 L.Ed.2d 1193, 1208 (1982) (O’Connor, J., concurring);[1] see also Garcia v. State, 379 So.2d 441 (Fla. 3d DCA 1980). The protective order entered below with respect to the actual victim was, on the face of it, an unequivocal violation of these guarantees.
On this appeal, the state contends that R. could not testify under any circumstances anyway, and that the interference with the ability to speak with her was therefore essentially irrelevant. The premise of this argument is incorrect. As is now established by a long line of cases — almost all of which, perhaps ironically, uphold the admissibility of the testimony of very small children on behalf of the state— those of tender years may indeed be deemed competent upon a finding by the trial court as to
*568 (1) whether the child is capable of observing and recollecting facts, (2) whether the child is capable of narrating those facts to the court or to a jury, and (3) whether the child has a moral sense of the obligation to tell the truth. Lloyd [v. State] 524 So.2d [396] 400 [Fla.1988], citing Williams v. State, 400 So.2d 471 (Fla. 5th DCA), affirmed, 406 So.2d 1115 (Fla.1981). See also Kentucky v. Stincer, 482 U.S. 730, 107 S.Ct. 2658, 2665, 96 L.Ed.2d 631 (1987), cert. denied, 485 U.S. 65, 108 S.Ct. 1234, 99 L.Ed.2d 433 (1988).
Griffin v. State, 526 So.2d 752, 753 (Fla. 1st DCA 1988); accord State v. D.B.S., 216 Mont. 234, 700 P.2d 630 (1985) (four-year-old competent); State v. Higginbottom, 312 N.C. 760, 324 S.E.2d 834 (1985) (four-year-old competent).
Moreover, and contrary to the trial judge’s so emphatically expressed views, these rules are not inapplicable merely because the child in question is three years old. State v. R.W., 104 N.J. 14, 514 A.2d 1287 (1986) (three-year-old child victim of sexual abuse, found competent)[2]; People v. Draper, 150 Mich.App. 481, 389 N.W.2d 89 (1986) (three-year-old victim of sex crime competent); see also Perez v. State, 536 So.2d 206 (Fla.1988), cert. denied, — U.S. -109 S.Ct. 3253, 106 L.Ed.2d 599 (1989) (statements of three-and-one-half-year-old admissible under section 90.803(23), Florida Statutes (1985)).
Of course, the trial court took no testimony, held no hearing and made no finding concerning R.’s possible competency under this test or any other. Its preclusion, without doing so, of B.E.’s ability to defend himself by ascertaining the victim’s knowledge of the incident was plainly erroneous.[3]’[4] See Garcia, 379 So.2d at 443 (error to refuse access to discovery of identified confidential informant).
Finally, we reject the idea that the error committed below may be deemed harmless on the ground that, after all, there is no showing that R. was competent *569 or that she could have recalled and recounted the incident in question, much less that her recollection would have been favorable to B.E. Cf. United States v. Valenzuela-Bernal, 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982). Perhaps unlike the federal standard, see id., however, the Florida rule is that error results in reversal unless it can be shown — in the case of constitutional error like this, beyond a reasonable doubt — that the substantial rights of the defendant were not affected. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Obviously, the state cannot successfully shoulder that burden in this case, in which the child’s competency and the extent of her knowledge are completely unknown. See Garcia, 379 So.2d at 441 (reversal required when access to c.i. was improperly restricted). Accordingly, we are compelled to reverse the adjudication and remand for a new trial.[5]
Reversed and remanded.

. Justice O’Connor went on to say that "[a] governmental policy of deliberately putting potential defense witnesses beyond the reach of compulsory process is not easily reconciled with the spirit of the Compulsory Process Clause.” Id.

. This holding is buttressed by clinical evidence that children of the tenderest ages are capable of testifying accurately about the nature of the abuse and the identity of the abuser. See Jones, et ah, "Can A Three-Year-Old Child Be a Witness to Her Sexual Assault and Attempted Murder?” 10 Child Abuse and Neglect 253 (1986) (case study of detailed recall of 3-year-old whose version of events was corroborated in the accused’s confession); Melton, “Children’s Competency to Testify,” 5 Law & Hum. Behav. 73, 76-77 (1981) (citing studies showing that children remember specific facts as well as adults); Eatman, “Minor Victims of Sexual Assault,” 26 N.H.Bar J. 199, 202-03 (1985) (traditional skepticism of children's capacity and veracity "either unsupportable or greatly oversimplified”). Cf. A. Yarmey, The Psychology of Eyewitness Testimony (1979), at 204-05 (arguing that children possess inferior memories), cited in Note, “The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,” 98 Harv.L.Rev. 806, 807 n. 10 (1985).
R.W., 104 N.J. at 20-21 n. 2, 514 A.2d at 123 n. 2.

. To the very limited extent that the lower court relied upon any factual matter presented in support of the motion for protective order, the manner in which it did so was also flawed. Only the state had apparently spoken with R. and it did not present its statements in the form of admissible testimony. The respondent juvenile, with no access to the child and no opportunity to cross-examine nor basis upon which to do so, was therefore deprived of his sixth amendment and due process rights to counsel and a truly adversary proceeding. Compare Griffin, 526 So.2d at 754-55, and cases cited; Bernal v. Lipp, 562 So.2d 848 (Fla. 3d DCA 1990). See generally Maryland v. Craig, — U.S. -, 110 S.Ct. 3157, 111 L.Ed.2d 666 (1990).

.We acknowledge and surely sympathize and agree with the trial judge’s concern, particularly in cases of this type, with the right of small children to the protection of society in general and the courts in particular. It may be appropriate to make two observations in this regard. First, as the respondent’s lawyer suggested below without success, the contact with R. might and should have been regulated so as to minimize her potential distress. Second, as we know from several cases which require meticulous compliance with the applicable statutory and rule provisions enacted to protect these interests of the innocent, the constitutional guarantees of the accused may not be abrogated in the absence of a cognizable legal reason for doing so. Coy v. Iowa, 487 U.S. 1012, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); Leggett v. State, 565 So.2d 315 (Fla.1990); Glendening v. State, 536 So.2d 212 (Fla.1988), cert. denied, — U.S. -, 109 S.Ct. 3219, 106 L.Ed.2d 569 (1989); Perez v. State, 536 So.2d 206 (Fla.1988), cert. denied, — U.S. -, 109 S.Ct. 3253, 106 L.Ed.2d 599 (1989); Fricke v. State, 561 So.2d 597 (Fla.1990). None exists on these facts.

. We reject the contention that the evidence was insufficient to support the adjudication of guilt.